UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON LENORE BROWN,
7520 Maury Road
Baltimore, Maryland 21244,

Plaintiff,

v.

ALBERTO R. GONZALES,
In His Official Capacity as United States
Attorney General,

Defendant.

Serve:
Hon. Alberto R. Gonzales
Attorney General of the United States
United States Department of Justice
Office of the Attorney General
950 Pennsylvania Avenue, N. W.
Washington, D. C. 20530-0001

Also Serve:
Hon. Kenneth L. Wainstein
United States Attorney
for the District of Columbia
555 4th Street, N. W.
Washington, D. C. 20001-2733

Civil Action No. ______________

COMPLAINT

(UNLAWFUL DISCRIMINATION IN FEDERAL EMPLOYMENT BASED UPON RACE, SEX, AND DISABILITY, AND UNLAWFUL RETALIATION FOR PROTECTED EEO ACTIVITIES)

COMES NOW the Plaintiff in this matter, Sharon Lenore Brown, by and through counsel, to bring this Federal District Court lawsuit against the aforenamed Defendant, and in furtherance hereof states as follows:

## I. JURISDICTION

1. Jurisdiction is vested in this Court pursuant to, inter alia, Section 717 of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000(e), et seq.; the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. Section 791, the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.; and Title 29, Code of Federal Regulations, Part 1614, et seq., in that Plaintiff Sharon Lenore Brown was unlawfully discriminated against in the course of her employment by the United States Government on the basis of race (African-American), sex (female), and physical disability, and was further subjected to unlawful retaliation in employment for engaging in protected EEO activities, as identified herein.

## II. VENUE

2. Venue is proper before this Court because the Defendant maintains its Headquarters administrative offices and records which are subject to the matters complained of within the geographical boundaries of the District of Columbia; because the primary actions complained of either occurred within or were directed within the geographical boundaries of the District of Columbia; and pursuant to 28 U.S.C. Section 1391(e).

## III. PARTIES

3. Plaintiff Sharon Lenore Brown is an African-American female currently domiciled in Baltimore, Maryland, and who for all times relevant herein was employed on a full-time basis as an employee of the Federal Bureau of Investigation (hereinafter

"FBI"), under the United States Department of Justice (hereinafter "DOJ"). The FBI has its headquarters located at 935 Pennsylvania Avenue, N. W., Washington, D. C. 20535.

4. Defendant Alberto R. Gonzales is the Attorney General of the United States and, as such, is the Defendant only in his official capacity as Attorney General. Mr. Gonzales is the senior Executive Branch federal official responsible for the actions of the United States Department of Justice and its subordinate agency, the Federal Bureau of Investigation.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. The bases of this case are Plaintiff's ongoing claims of unlawful discrimination based upon race (African-American), sex (female), disability, and unlawful reprisal for prior protected EEO activity, as further stated hereinbelow. During the periods of time alleged in the course of this Complaint, Plaintiff Brown was employed as a Forensic Financial Research Specialist (FFRS) in the Analysis and Investigations Unit (AIU) of the Security Division of the FBI.

6. On December 23, 2003, Plaintiff Brown filed a Formal Complaint against the FBI based upon unlawful discrimination and retaliation in Federal employment (Agency Complaint No. F-05-5830). The issues initially accepted for investigation were whether Plaintiff was discriminated against in the form of a hostile work environment between August 2003 and November 2003 based upon sex (female), race (African-American, or Black), disability (medical problems, including carpal tunnel syndrome), and unlawful reprisal for protected EEO activity. Plaintiff Brown later amended her complaint to add additional allegations of harassment regarding incidents occurring between November 2003 and March 2005, including denial of reasonable accommodations for medical

conditions, receiving negative performance reviews, and hostile treatment during file reviews.

7. Plaintiff Brown originally requested a hearing before an EEOC Administrative Judge, and on August 11, 2006, withdrew her request for a hearing and requested a Final Agency Decision (FAD) from the Department of Justice. On August 14, 2006, the DOJ Complaint Adjudication Office received Plaintiff's file for issuance of a FAD. The Final Agency Decision subsequently issued by DOJ was dated May 29, 2007, and denied all of Plaintiff Brown's claims. The FAD was received by Plaintiff Brown on June 6, 2007. This matter is, thus, timely filed with the Court subsequent to the issuance of the Final Decision by the Department of Justice.

## V. BACKGROUND

8. The DOJ Final Agency Decision in this matter contains some 31 pages of discussion regarding Plaintiff Brown's various allegations, and the Plaintiff's sworn statements to the Agency constitute over 50 pages of detailed allegations. Each such allegation will not be repeated in detail herein. The allegations relate to a hostile work environment and ongoing acts of unlawful discrimination and retaliation which took place between August 2003 and March 2005 while Plaintiff Brown was an employee of the Federal Bureau of Investigation, working in the Analysis and Investigations Unit (AIU) of the Security Division of the FBI.

9. Because of the accumulation and unrelenting nature of specific acts of discrimination and retaliation, Plaintiff Brown was forced to resign from employment with the Agency in March 2005.

10. The individuals who subjected Plaintiff Brown to a hostile work environment, including unlawful discrimination and unlawful retaliation for protected EEO activities, included, *inter alia*, AIU Unit Chief Maureen Chelak (white female), AIU Supervisory Special Agent Roy Hoyns (white male), and Lead Forensic Research Specialist Deborah Ann Martin (white female).

11. Specific actions constituting unlawful discrimination and retaliation are addressed hereinbelow.

12. Following the assumption of duties of AIU Unit Chief Maureen Chelak in 2003, Unit Chief Chelak unfairly and without justification removed a number of assignments from Plaintiff Brown and gave such assignments to Plaintiff's white co-workers. Chelak also complained or stated that work created by Brown was copied from non-original sources, or from other office personnel. Other normal job duties of Plaintiff Brown were removed without explanation or justification by Unit Chief Chelak.

13. Plaintiff Brown also was unreasonably preclude from attending necessary meetings, including a CIA working group meeting in September 2003, which hampered her abilities to perform her workplace duties. Results of such meetings were shared with white co-workers, but not with Plaintiff Brown.

14. Included in the duties reassigned from Plaintiff Brown to white co-workers were a Consent Form and a Survey Form for the FDP in November 2003.

15. Throughout the period of 2003, FBI officials Chelak, Hoyns and Martin refused to acknowledge Plaintiff Brown's successful job performances and accomplishments, and routinely unfairly criticized Plaintiff's performance and actions.

16. Plaintiff Brown and another African-American (Black) co-worker, Marlethia Black, were unfairly and discriminatorily singled out for formal file reviews by Martin, who did not subject white co-workers to such file reviews.

17. While working on a "Lessons Learned" project in 2004, FBI official Hoyns unfairly and without justification yelled at Plaintiff Brown, and instructed Brown in a loud voice to address questions only to white FBI employees.

18. Plaintiff Brown was constantly subjected to unfair criticisms for her workplace job performance, including being criticized and negatively reported for missing a May 2004 deadline because of an office-wide computer outage and because of an injury she had received.

19. Plaintiff Brown also was criticized for not taking workplace actions which were not routinely done by other white employees, who were not criticized similarly. Such criticisms included Plaintiff Brown not saving work on a shared "S" network drive; criticisms not levied against white employees who also did not do so. In fact, it would have been inappropriate for Plaintiff to have taken the actions she was criticized for by senior FBI officials.

20. FBI officials refused to interact with Plaintiff Brown on a regular basis, ignoring her or abusing her in a public manner on several occasions in 2003 and 2004.

21. Plaintiff Brown was unfairly and discriminatorily subjected to work schedule and leave (absence) restrictions throughout 2003 and 2004, and up until her forced resignation from the FBI in March 2005. White co-workers were not similarly treated in that reasonable accommodations were reached for personal or professional reasons which required adjustments to established FBI work schedules and necessary personal absences.

When Plaintiff Brown complained about such treatment based upon EEO considerations, unlawful retaliation occurred which underscored and continued the adverse and unfair treatment regarding Plaintiff's work schedule and required absences. Further, initial assurances and promises to Plaintiff on these issues were unfairly and unreasonably withdrawn by Agency officials, but such promises were not withdrawn to Plaintiff's white co-workers.

22. Chelak unfairly and arbitrarily established new workplace schedules which, for personal reasons, Plaintiff Brown could not adjust to because of personal and family requirements. Chelak then unfairly and unreasonably took adverse actions against Plaintiff Brown for failing to adjust in a manner considered satisfactory to Chelak.

23. Chelak refused to accommodate Plaintiff Brown's medical conditions requiring workplace schedule modifications, despite being informed of such physical limitations and despite there being reasonable accommodations available.

24. Chelak and other senior FBI officials directed and required workplace performance audits and workplace attendance audits against Plaintiff Brown which were not directed at white co-workers, and subsequently took adverse actions against Plaintiff Brown which were not administered against Plaintiff's white co-workers.

25. Chelak unfairly and in a retaliatory manner directed Plaintiff Brown to divulge details regarding EEO complaints made by Plaintiff Brown in private meetings with EEO counselors and other personnel, and threatened to charge Plaintiff Brown with being "AWOL" if such information was not disclosed to her.

26. Plaintiff Brown was inappropriately charged with being absent from work without official leave for a 15 minute period in September 2004 when she was having her

glasses repaired. Such adverse actions were not taken either routinely or habitually with Plaintiff's white co-workers.

27. In May 2004, Chelak and Hoyns wrongfully withheld critical medical information with respect to a Workers Compensation claim made by Plaintiff Brown. Such information was withheld in an effort to deny Plaintiff Brown's Department of Labor claims. Additionally, FBI officials refused to permit Plaintiff Brown from taking necessary and appropriate time to pursue her Workers Compensation claims.

28. Despite claims by Plaintiff Brown that she suffered from carpal tunnel syndrome in January 2004, no reasonable accommodations were offered to Plaintiff to deal with such condition.

29. The FBI unfairly placed Plaintiff on leave restrictions in November 2003 because of alleged excessive use of leave, despite there being reasonable and necessary actions for such leave taken.

30. Plaintiff Brown received from Agency senior personnel low and unreasonable job performance appraisals, despite Plaintiff Brown having equal or higher accomplishments and workloads than white co-workers who received higher performance appraisals.

31. Subsequent to Plaintiff Brown challenging adverse performance appraisals based upon allegations of unlawful discrimination, senior FBI officials retaliated against her by providing false information to substantiate the adverse appraisals.

32. As a result of such false and unfair adverse performance appraisals and reviews, FBI officials unfairly and discriminatorily placed Plaintiff Brown on a 90-day probationary period, and directed her to file weekly file reviews. White co-workers of

lesser performance and accomplishments were not subjected to these disciplinary actions. These actions against Plaintiff Brown were inappropriate, unfair, discriminatory and retaliatory. Subsequently, Hoyns and Martin were hostile and abusive in conducting Plaintiff Brown's file reviews.

33. Following a period of performance review and probationary status, FBI officials recommended the dismissal from FBI employment of Plaintiff Brown. In March 2005, Brown resigned in lieu of being terminated by the Agency.

34. Following her termination/resignation from the Agency, Plaintiff Brown suffered lost income, lost retirement benefits, medical stress, and other adverse impacts.

COUNT I – UNLAWFUL DISCRIMINATION BASED UPON RACE

35. Paragraphs 1 through 34 are herein incorporated by reference.

36. The actions detailed herein constituted unlawful discrimination based upon race (Black) committed by the Agency, its agents and employees, against the Plaintiff.

37. Such unlawful discrimination resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

COUNT II – UNLAWFUL DISCRIMINATION BASED UPON SEX

38. Paragraphs 1 through 37 are herein incorporated by reference.

39. The actions detailed herein constituted unlawful discrimination based upon sex (female) committed by the Agency, its agents and employees, against the Plaintiff.

40. Such unlawful discrimination resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

COUNT III – UNLAWFUL DISCRIMINATION BASED UPON DISABILITY

41. Paragraphs 1 through 40 are herein incorporated by reference.

42. The actions detailed herein constituted unlawful discrimination based upon the identified disabilities of Plaintiff committed by the Agency, its agents and employees, against the Plaintiff.

43. Such unlawful discrimination resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

COUNT IV --- UNLAWFUL RETALIATION
OR REPRISAL FOR PROTECTED EEO ACTIVITIES

44. Paragraphs 1 through 43 are herein incorporated by reference.

45. The actions detailed herein constituted acts of unlawful retaliation for protected EEO activities against Plaintiff Brown commited by the Agency, its agents and employees.

46. Such unlawful retaliation resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sharon Brown respectfully requests that this Court enter judgment against Defendant and grant Plaintiff Brown the following relief:

a. Payment of all accrued back pay and allowances, plus interest, and all lost front pay for retirement benefits, as established appropriate.

b. Payment of compensatory damages in the amount of at least $300,000.00;

    c. Correction of Plaintiff Brown's Agency Official Personnel File, personnel records and financial records, to eliminate all references to cited disciplinary actions, performance appraisals, and threats of termination from employment.

d. Return of Plaintiff Brown to full employment with the Agency.

e. Restoration of annual leave and/or other benefits which have been lost as a result of Plaintiff's EEO complaints and subsequent termination from the Agency employment; and,

f. Reimbursement and payment of all reasonable attorneys' fees and costs of litigation in pursuing Plaintiff's claims at the administrative and judicial levels.

DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

Respectfully submitted,

______________________________

MICHAEL W. BEASLEY
D. C. Bar No. 248930
200 Park Avenue, Suite 106
Falls Church, VA 22046
Phone: (703) 533-5875
Fax: (703) 533-5876
Cell: (703) 994-2524
E-Mail: beasleys2@verizon.net

Counsel for Plaintiff Sharon L. Brown

# CIVIL COVER SHEET

07-1559 JR

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
Sharon Lenore Brown

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Baltimore, MD 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**DEFENDANTS**
Alberto R. Gonzales, as U.S. Attorney General

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael W. Beasley, Esq.
200 Park Ave, Ste 106
Falls Church, VA 22046
(703) 533-5875 / (703) 994-2524

Case: 1:07-cv-01559
Assigned To : Robertson, James
Assign. Date : 9/4/2007
Description: Employ. Discrim.

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. *Antitrust***
- ☐ 410 Antitrust

**☐ B. *Personal Injury/ Malpractice***
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. *Administrative Agency Review***
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil***

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

| ☐ G. *Habeas Corpus/ 2255* | ☒ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
§717, Title 7 of Civil Rts Act of 1964; 42 USC §1981; EEO Discrimination and Retaliation in Federal employment.

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 **DEMAND $** Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO If yes, please complete related case form.

DATE Sept. 4, 2007 SIGNATURE OF ATTORNEY OF RECORD Michael [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.