UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON LENORE BROWN, )
 )
      Plaintiff )
 )
v. ) Civil Action No. 07-1559 (JR)
 ) (ECF)
ALBERTO R. GONZALES, )
 )
      Defendant. )

## ANSWER TO COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991.

### SECOND AFFIRMATIVE DEFENSE

Defendant has not discriminated against the plaintiff because of race (African American).

### THIRD AFFIRMATIVE DEFENSE

Defendant has not discriminated against the plaintiff because of sex (Female).

### FOURTH AFFIRMATIVE DEFENSE

Defendant has not discriminated against the plaintiff because of disability.

### FIFTH AFFIRMATIVE DEFENSE

Defendant has not retaliated against the plaintiff because of use of the EEO process.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not properly served Defendants and this Court does not have jurisdiction over his claims.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief sought pursuant to the Civil Rights Act of 1991, including but not limited to equitable relief, compensatory damages, attorney's fees and other costs and expenses associated with this lawsuit. Any relief would be limited by 42 U.S.C. §2000e-5(g)(2)(B).

## NINTH AFFIRMATIVE DEFENSE

Answering specifically in response to the numbered paragraphs of the complaint, using the same paragraph numbering, defendants state as follows:

1. The allegations in paragraph 1 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, jurisdiction is proper.

2. Admit

3. Admit.

4. Admit.

5. The allegations in paragraph 5 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, plaintiff was employed as a Forensic Financial Research Specialist (FFRS) in the analysis and investigations Unit (AIU) of the Security Division (SECD).

6. The allegations in paragraph 6 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, the issues accepted for investigation were whether Brown was subjected to discrimination in the form of a hostile work environment between August 2003 and November 2003 based on sex, race (black), disability (medical problems in waist area, carpal tunnel syndrome) and reprisal. Brown claimed she was discriminated against with regard to work assignments and deadlines, office rules work schedules, medical documentation, leave issues and performance appraisals. The complaint was amended to include additional allegations of harassment with regard to incidents occurring between November 2003 and March 2005, including denial of reasonable accommodation for medical conditions, negative performance reviews and hostile treatment during file reviews.

7. Admit.

8. The allegations in paragraph 8 of the complaint constitute legal conclusions plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, each allegation is detailed in the sworn statements to the Agency and the DOJ Final Agency Decision.

9. The allegations in paragraph 9 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, admit plaintiff resigned from the Agency in March 2005.

10. The allegations in paragraph 10 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, at the time of plaintiff's complaints, the AIU Unit Chief was Maureen

Chelak (white female), the AIU Supervisory Special Agent (SSA) Roy Hoyns (white male) and the Lead Forensics Financial Research Specialist (LFFRS) Debra Martin.

    11. The allegations in paragraph 11 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

    12. The allegations in paragraph 12 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

    13. The allegations in paragraph 13 of the complaint constitute plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

    14. The allegations in paragraph 14 of the complaint constitute plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

    15. The allegations in paragraph 15 of the complaint constitute plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

    16. The allegations in paragraph 16 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

    17. Denied.

18. The allegations in paragraph 18 of the complaint constitute plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

19. The allegations in paragraph 19 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

20. Denied.

21. The allegations in paragraph 21 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

22. The allegations in paragraph 22 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Admit that Chelak established new workplace schedules which for personal reasons, Brown could not adjust to. Deny that the schedules were unfair, arbitrary or unreasonable or that Chelak unfairly or unreasonably took adverse actions against Brown.

23. The allegations in paragraph 23 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

24. The allegations in paragraph 24 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

25. The allegations in paragraph 25 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

26. The allegations in paragraph 26 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

27. The allegations in paragraph 27 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

28. The allegations in paragraph 28 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

29. The allegations in paragraph 29 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

30. The allegations in paragraph 30 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Admit that Brown received a low performance appraisal. Deny all other characterizations or averments of fact.

31. The allegations in paragraph 31 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

32. The allegations in paragraph 32 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Admit that Brown was placed on a 90 day performance improvement plan and required to undergo weekly file reviews. Deny all other characterizations or averments of fact.

33. Admit that following a period of performance review, the FBI officials recommended the dismissal of Brown, Deny that Brown resigned in lieu of being terminated by the Agency. Brown was about to be placed on 60 day suspension for falsifying a position application, had she not resigned.

34. Denied.

### COUNT 1 UNLAWFUL DISCRIMINATION BASED UPON RACE

35. Denied.

36. The allegations in paragraph 36 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

37. The allegations in paragraph 38 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

### COUNT II- UNLAWFUL DISCRIMINATION BASED UPON SEX

38. Denied.

39. The allegations in paragraph 39 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as

an answer may be required, Denied.

40. The allegations in paragraph 40 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

### COUNT III UNLAWFUL DISCRIMINATION BASED UPON DISABILITY

41. Denied.

42. The allegations in paragraph 42 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

43. The allegations in paragraph 43 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

### COUNT IV UNLAWFUL RETALIATION OR REPRISAL FOR PROTECTED EEO ACTIVITIES

44. Denied.

45. The allegations in paragraph 45 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

46. The allegations in paragraph 46 of the complaint constitute legal conclusions and plaintiff's characterization of her action and, as such, no answer should be required. Insofar as an answer may be required, Denied.

WHEREFORE, having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

January 3, 2008                                     Respectfully submitted,

    _/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    _/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    _/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I certify I that on this 3rd day of January 2008, I caused the foregoing Defendant's Motion to Enlarge Time to File Answer or Otherwise Respond to Complaint to be served on Plaintiff's attorney, Michael W. Beasley, via the Court's Electronic Case Filing system.

                                               /s/_____
                                          KENNETH ADEBONOJO
                                          Assistant United States Attorney
                                          Judiciary Center Building
                                          555 4th Street, N.W. – Civil Division
                                          Washington, D.C.  20530
                                          (202) 514-7157
                                          (202) 514-8780 (facsimile)