UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHARON LENORE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-cv-01559 (JR) |
| | ) |
| ALBERTO R. GONZALES, | ) |
| In His Official Capacity as United States | ) |
| Attorney General, | ) |
| | ) |
| Defendant. | ) |

**PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the parties hereby respectfully submit their Joint Report and Meet and Confer Statement in advance of the Court's Initial Scheduling Conference in this case currently set for January 22, 2008. This Joint Report is based upon telephonic meetings and exchanges of e-mail between Assistant United States Attorney Kenneth Adebonojo, on behalf of Defendant, and Michael W. Beasley, Esq., counsel for Plaintiff, commencing on or before January 7, 2008.

This case was brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.* Plaintiff Sharon L. Brown is a former employee of the Federal Bureau of Investigation ("FBI"), under the United States Department of Justice ("DOJ"). The allegations include claims of discrimination on the bases of race (African-American) and color (Black), and unlawful retaliation for prior protected EEO activities.

The Defendant denies all allegations raised herein, and maintains that the actions taken by the FBI and its officials with respect to Plaintiff were reasonable, justified, and not in violation of the law.

For the Court's convenience, the remainder of this Joint Report follows the numbering and topics set forth in Local Rule 16.3(c).

1. <u>Dispositive Motions/Discovery Timeframe:</u>  The parties agree and propose that dispositive motions, if appropriate, shall be filed after the close of discovery.  Any motions for summary judgment should be filed within forty-five (45) days after the close of discovery; any opposition brief to summary judgment should be filed within forty-five (45) days after the receipt of such motion; and any reply brief should be filed within thirty (30) days after receipt of the filing of the opposition brief.

2. <u>Amendment to Pleadings:</u>  Plaintiff does not currently anticipate any need for the filing of an Amended Complaint in this proceeding.

3. <u>Assignment to Magistrate Judge:</u>  The parties currently oppose referral of this case to a Magistrate Judge.

4. <u>Settlement Possibility:</u>  The parties are cognizant that case circumstances may warrant settlement negotiations at some point, but both parties believe that such discussions should take place following the conduct of discovery in this case.  Should the position of either party change in this respect, and if it is subsequently agreed by the parties that immediate settlement discussions may indeed prove helpful, the Court shall be notified promptly.  In such a circumstance, the intervention of the Court, potentially through a Magistrate Judge, may be sought.  Additionally, if such settlement discussions

warrant any change to the procedural schedule established for this docket, an appropriate motion will be submitted for consideration by the Court.

     5. <u>Alternative Dispute Resolution:</u>  The parties believe that alternative dispute resolution may be appropriate after the close of discovery.

        (i)  Plaintiff's objective in bringing this suit is to obtain relief set forth in the Complaint.  Defendant's objective in defending this suit is to obtain post-discovery summary judgment in its favor on all of Plaintiff's claims.

        (ii)  The parties have not yet conducted settlement discussions, as further explained above (paragraph 4).

        (iii)  The parties agree that further settlement discussions should occur after the close of discovery.

        (iv)  At this time, the parties do not know if the case will benefit from any further neutral evaluation.  If any such evaluations are to take place in this case, the parties believe that they should be done after the completion of discovery.

        (v)  The parties do not believe that discovery should be stayed.

     6. <u>Dispositive Motions / Discovery Timeframe:</u>  As noted above, the parties believe that any post-discovery dispositive motions should be filed within forty-five (45) days after the close of discovery; any opposition brief to summary judgment should be filed within forty-five (45) days after the receipt of such motion; and any reply brief should be filed within thirty (30) days after receipt of the filing of the opposition brief.

     7. <u>Initial Disclosures:</u>  The parties note that Agency Investigative Reports have been compiled and distributed covering a number of the claims cited in the Complaint.

As a result, the parties recommend the exchange of Initial Disclosures within thirty (30) days following the Status Conference to be conducted January 22, 2008.

      8. <u>Discovery</u>: The parties propose that discovery be completed within 180 days from the commencement of discovery. The parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Specifically, the parties believe that twenty-five (25) interrogatories and seven (7) depositions per party should be sufficient. Because employment termination-related documents will be at issue in this case, and in part because of the nature of the job performed by Plaintiff Brown within the FBI, it is recognized by the parties that a Protective Agreement may be appropriate for execution by the parties. If so, the parties will provide such Agreement to the Court for approval and issuance of a related Protective Order.

      9. <u>Experts</u>: The parties do not know at this time whether expert witnesses will be necessary. The parties propose that any experts be designated no later than sixty (60) days after the commencement of discovery, and that any rebuttal experts be designated no later than thirty (30) days thereafter. The parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts should apply to this case.

      10. <u>Class Actions</u>: This is not a class action case and, therefore, this paragraph of Local Rule 16.3 does not apply.

      11. <u>Bifurcation of Discovery or Trial</u>: The parties do not see any need for bifurcation at this time.

12. Proposed Date for the Pretrial Conference:  The parties believe that the Pretrial Conference for this proceeding should be scheduled following the Court's rulings on any post-discovery, outstanding dispositive motion(s).

13. Trial Date:  The parties believe that the Court should schedule a trial date at the Pretrial Conference.

14. Other Matters:  The parties are not aware of any other matters requiring resolution buy the Court at this time.

January 15, 2008                                             Respectfully submitted,

  /s/ Michael W. Beasley                             /s/
MICHAEL W. BEASLEY, ESQ.                JEFFREY A. TAYLOR
D. C. Bar No. 248930                              D.C. Bar No. 498610
200 Park Avenue, Suite 106                   United States Attorney
Falls Church, Virginia  22046
Phone:  (703) 533-5875
Fax:  (703) 533-5876                                   /s/
E-Mail:  beasleys2@verizon.net             RUDOLPH CONTRERAS
                                                                     D.C. Bar No. 434122
Attorney for Plaintiff                               Assistant United States Attorney


                                                                     /s/
                                                                     KENNETH ADEBONOJO
                                                                     Assistant United States Attorney
                                                                     555 Fourth Street, N. W.
                                                                     Washington, D.C.  20530
                                                                     Phone:  (202) 514-7157
                                                                     Fax:  (202) 514-8780
                                                                     kenneth.adebonojo@usdoj.gov

                                                                     Attorneys for Defendant

5