## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SHARON LENORE BROWN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  07-CV-01559(JR)** |
| | ) | |
| **MICHAEL MUKASEY, Attorney General,** | ) | |
| **United States Department of Justice,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### CONSENT MOTION FOR STIPULATED PROTECTIVE ORDER

Michael Mukasey, in his official capacity as Attorney General of the United States

("Defendant"),[1] respectfully requests entry of the attached Stipulated Protective Order to protect

documents and information designated by the counsel for either party from public disclosure.

Sharon Lenore Brown ("Plaintiff") and Defendant (collectively "the parties") have reason to

believe that certain material in this case, including information to be exchanged in discovery and

possibly information that will become evidence in this case, is covered by the Privacy Act and/or

would constitute an unreasonable invasion of privacy.  Accordingly, a protective order will

facilitate the parties' efforts, including during ongoing discovery to access all relevant material

without violating the privacy interests of the parties or other individuals mentioned in the

covered materials.

---

[1]     Pursuant to Fed. R. Civ. P. 25(d)(1), Attorney General Michael Mukasey, in his
official capacity, substitutes for former Attorney General Alberto Gonzales by operation of law.

The proposed Stipulated Protective Order has been executed by counsel for the parties and is attached hereto.  It sets forth the procedures to be followed by the parties when exchanging covered material and also when filing it with the Court.

July 10, 2008                                      Respectfully submitted,

                                                  ___/s/_____
                                                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                  United States Attorney


                                                  ___/s/_____
                                                  RUDOLPH CONTRERAS, D.C. BAR #  434122
                                                  Assistant United States Attorney


                                                  ___/s/_____
                                                  KENNETH ADEBONOJO
                                                  Assistant United States Attorney
                                                  United States Attorney's Office
                                                  Civil Division
                                                  555 4th Street, N.W. – Room E4210
                                                  Washington, D.C. 20530
                                                  (202) 514-7157
                                                  kenneth.adebonojo@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHARON LENORE BROWN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.  07-CV-01559(JR)** |
| ) | |
| **MICHAEL MUKASEY, Attorney General,** ) | |
| **United States Department of Justice,** ) | |
| ) | |
| **Defendant.** ) | |

## STIPULATED PROTECTIVE ORDER

Subject to the Court's approval, plaintiff and defendant, by their undersigned counsel, hereby stipulate and agree that documents and information designated by counsel as protected shall be given protected material status, shall be disclosed only to counsel for the parties and to those persons designated in paragraph 3 below, shall be used solely for purposes of the above-captioned litigation, and shall be further protected as set out herein.

1.      Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release to counsel for plaintiff information covered by the Privacy Act, 5 U.S.C. § 552a, whether such release is pursuant to discovery or otherwise in this case.

2.      Counsel for either party to this litigation may initially designate as "protected" hereunder any material exchanged in this case if counsel deems, in good faith, that release of such material would otherwise constitute an unreasonable invasion of privacy.  Either party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of

protection.  Counsel and parties are referred to Local Civil Rule 5.4(f) and this Court's "Notice

Regarding Privacy and Public Access to Electronic Case Files," dated September 2004, for

typical examples of material deserving "protected" designation.  For purposes of the instant

litigation involving claims of employment discrimination, examples of "employment history"

materials likely deserving "protected" designation include:  employee performance evaluations

for third parties and the names of, and application materials for, unsuccessful applicants for a

position or promotion (other than plaintiff and the selectee).

   3. In designating material as protected, the party so designating it shall identify the

protected material with specificity in writing.  Either party's counsel may, at any time, object to

the designation of material as protected.  In the event of any such objection, the designating

party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to

attempt to resolve the objection informally.  Should the designating and objecting parties be

unable to resolve the objection informally, the objecting party may submit such dispute to the

Court for resolution.  Until the Court resolves the dispute, the material shall be treated as

protected.

   4. Protected material provided formally or informally during the course of this

litigation shall be handled and disclosed by the parties only as follows:

    (a) Protected material may be used for the purposes of this litigation and shall

not be given, shown, made available, discussed, or otherwise communicated in any form to

anyone other than: (i) plaintiff and current counsel for plaintiff, such counsel's firm and its

employees, and outside consultants and experts retained by plaintiff to assist such counsel,

specifically for purposes of this litigation; (ii) the person whose privacy interests the Privacy Act

restrictions are meant to protect with respect to any particular document (*e.g.*, the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file); and (iii) counsel for the defendant and other employees of the United States government who have a need to review the protected material for the defense or prosecution of this case, or outside consultants or experts retained by the defendant.

(b)     It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants and experts to whom they disclose protected material, and to insure that all such persons comply with the terms of this order.

(c)     No document (including motions, briefs, and exhibits) containing or revealing protected material shall be filed with the Clerk of the Court unless filed separately under seal in an envelope with a legend on the envelope and document substantially as follows:

> This [envelope/document] contains protected material.  Disclosure or use of such material is restricted.  This material is filed under seal.

Such documents shall be filed under seal and maintained under seal by the Court.  No one other than persons specifically authorized in subparagraph (a) of paragraph 4 hereof shall have access to such material.  Within three business days after the filing of any such document under seal, the party who filed the document shall serve on counsel for the other party a copy of such document from which the protected material has been deleted unless such document has previously been produced to the other party.  Counsel for the other party shall then have three business days to review the redacted copy of the document to determine whether or not they agree with the proposed deletions.  At the conclusion of that review period the redacted copy shall be filed on

3

the public record unless an objection has been made by one of the other parties.  In the event of

an objection that the parties are unable to resolve informally either party may submit the dispute

to the Court for resolution.  The document in question shall be filed on the public record

containing the material as to which there is no dispute pending resolution of the matter by the

Court.

(d)    All copies made of any material that is subject to this order shall be clearly

labeled as containing protected material and shall be returned to the party who originally

produced them or destroyed at the conclusion of this litigation (including any and all appeals).

Legal memoranda and briefs containing protected material and any work product materials

containing protected material may be retained if such documents shall be kept in the possession

of a private litigant's counsel or in the possession of a governmental entity, and shall not in the

future be disclosed contrary to the provisions of this order.

(e)    Counsel shall endeavor to avoid revealing protected material in any oral

proceedings before the Court, including oral argument.  If any counsel finds it necessary to refer

to protected material in any such oral proceeding, counsel shall notify the Court and all other

counsel of record as soon as such necessity becomes apparent and shall propose whatever

mechanism(s) may be available and appropriate to prevent disclosure of confidential material as

a consequence of such oral proceedings to persons other than those authorized by this order.

5.    Counsel shall promptly report any breach of the provisions of this order to the

Court and counsel for the party whose protected material was divulged or compromised.  Upon

discovery of any breach, counsel shall immediately take appropriate action to cure the violation

and retrieve any confidential material that may have been disclosed to persons not covered by

this order.  Counsel shall also cooperate fully in any investigation of such breach conducted by the Court or by the party whose protected material was divulged or compromised.

6.     By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

7.     Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

8.     Nothing contained herein shall be construed as a waiver of either party's objections to another party's request that it be permitted to disclose protected information to its employees and/or employees of subsidiary or affiliated companies.  Nothing in this Order shall be construed to limit a party's use or disclosure, to the extent otherwise permitted by law, of documents or information in the party's possession prior to or for reasons unrelated to proceedings in this action.

July 10, 2008                                Respectfully submitted,

   /s/                                           /s/
MICHAEL W. BEASLEY, ESQ.              JEFFREY A. TAYLOR, D.C. Bar No. 498610
D. C. Bar No. 248930                     United States Attorney
200 Park Avenue, Suite 106
Falls Church, Virginia  22046
Phone:  (703) 533-5875                      /s/
Fax:  (703) 533-5876                     RUDOLPH CONTRERAS, D.C. Bar No. 434122
E-Mail:  beasleys2@verizon.net          Assistant United States Attorney
Attorney for Plaintiff

5

_/s/_____

KENNETH ADEBONOJO

Assistant United States Attorney

555 Fourth Street, N. W.

Washington, D.C.  20530

Phone:  (202) 514-7157

Fax:  (202) 514-8780

kenneth.adebonojo@usdoj.gov

Attorneys for Defendant

**APPROVED AND SO ORDERED.**

This _____ day of _____, 2008

_____

HON. JAMES ROBERTSON, U.S.D.J.

6

## CERTIFICATE OF SERVICE

I certify I that on this 10th day of July 2008, I caused the foregoing Consent Motion for a Stipulated Protective Order to be served on Plaintiff's attorney, Michael W. Beasley, via the Court's Electronic Case Filing system.


_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)